HABICHT *v.* UNITED STATES (No. 5). HABICHT *v.* UNITED STATES (No. 46).[1]

STRAWBERRY AND APRICOT PULP.

Strawberries and apricots reduced to a pulp, cooked without sugar, and inclosed in hermetically sealed tins are dutiable under paragraph 263 and not paragraph 262, tariff act of 1897.

United States Circuit Court of Appeals, June 22, 1910.

TRANSFERRED from the United States Circuit Court of Appeals, Second Circuit (T. D. 30252).

[Affirmed.]

*Comstock & Washburn* (*Albert H. Washburn* and *J. Stuart Tompkins* on the brief) for appellants.

*D. Frank Lloyd,* Assistant Attorney General (*Thomas M. Lane* on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

SMITH, Judge, delivered the opinion of the court:

This is an appeal to the United States Circuit Court of Appeals from a decision of the Circuit Court for the Southern District of

---

[1] Reported in T. D. 30772 (19 Treas. Dec., 774).

New York affirming a decision of the Board of General Appraisers, which appeal, under the tariff act of August 5, 1909, has been certified to this court for determination.

Under the appeal, the question to be determined is whether strawberry pulp and apricot pulp imported into the country were properly assessed for duty at 1 cent per pound and 35 per cent ad valorem under the provisions of paragraph 263 of the tariff act of July 24, 1897, as decided by the Board of General Appraisers and the United States Circuit Court for the Southern District of New York, or whether the goods should be assessed for duty at 2 cents per pound as edible fruits, including berries, under the provisions of paragraph 262 of the same act, as contended by the importer.

Counsel for the importer insists that under the decisions of the Circuit Court of Appeals that portion of paragraph 262 which fixes a duty of 1 cent per pound and 35 per cent ad valorem on *fruits preserved in sugar, molasses, spirits, or in their own juices* applies only to goods known commercially as preserves or preserved fruits and that the pulp imported was neither a preserve nor a preserved fruit, because neither sugar, molasses, spirits, nor its own juice played a prominent or important part in its preservation.

It appears from the evidence, and the Board of General Appraisers finds, that the merchandise which is the subject of controversy is made by reducing the flesh of strawberries and apricots to a pulp. The product thus obtained is then cooked without sugar and inclosed in hermetically sealed tins, which are scalded and the contents sterilized by exposing the tins to a high temperature in an open kettle or in a retort fitted for that purpose. The evidence also shows that so long as the conditions of its packing are maintained the pulp will keep indefinitely.

From this it is clear that the goods under consideration were not preserved in sugar, molasses, or spirits. Whether they were preserved in their own juices within the intent and meaning of that portion of paragraph 263 above cited is another matter and one which can best be determined after some understanding of the methods and processes generally pursued in preserving fruits.

All the testimony agrees that fruits are preserved for future consumption by cooking the raw article in its own juices or in water and sugar or in water alone. The cooked product just as cooked or mixed with molasses, sirup, or spirits is then put up in sealed receptacles. By the heat of cooking or of subsequent sterilization the fungi which cause fermentation and the germs which make for decay in the fruit itself are destroyed or eliminated. Reintroduction of these elements of degeneration or deterioration is obviated by packing the product in hermetically sealed tins or in a saccharine or spirituous liquor which

effectually excludes the fruit from both air and moisture. If, however, the cooking is only partial the danger of destruction from factors within the fruit itself still continues, and regardless of whether it is to be put up with sugar, molasses, or spirits or in a hermetically sealed container, it must be thoroughly sterilized by exposing container and contents to a high temperature.

Fruits treated in the manner described undergo no chemical or physical change; they permanently maintain their character of fruit and are generically called ''preserved fruits.'' Fruits preserved in sugar, pound for pound, are known to the trade by the special name of ''preserves.'' These put up with a less quantity of sugar or in their own juices without any sugar at all are commercially described as ''canned fruits.'' Still others put up in spirits generally receive the name of the liquor which surrounds them. It is beyond question, however, that whatever may be their *special name*, they are all subjected to practically the same processes, for precisely the same purpose, and that they are all preserved fruits.

To bring a preserved fruit within the provisions of that portion of paragraph 263 above referred to it is necessary, first, that it should have been subjected to such process as to permanently rather than fugitively and temporarily preserve it; second, that it has been so preserved in sugar or in molasses or in spirits or in its own juices; and, third, that it has not been specially provided for in the tariff act. The pulp in this fruit meets all these requirements. It is the typical *fruit preserved in its own juice*, as one of the importer's witnesses puts it, and was therefore properly assessed for duty at 1 cent per pound and 35 per cent ad valorem.

To say that the juices in which the strawberry and apricot pulp under consideration are put up play no prominent or important part in the preservation of the fruit is an assumption not justified by the evidence, which unmistakably and beyond contradiction establishes that such juices are the sterilized media which stop the chemical and physical change that would otherwise result, even if the product was inclosed in hermetically sealed containers. But if the juice played no prominent or important part in the preservation of the fruit, the fact remains that the pulp has been preserved, not fugitively, not temporarily for the purpose of transit, but permanently, just as permanently as is the fruit ''preserve'' or the fruit put up in molasses or spirits. The only difference between them is that the fruit in sugar, molasses, or spirits is preserved from contaminative influences by the liquid which surrounds it and the pulp preserved in its own juices is protected from such influences by hermetically sealed tins.

The cases cited by counsel for appellants do not support the contention of the importer—indeed, where they are at all pertinent they are in accord rather than at war with the conclusions here reached.

In the case of United States *v.* Johnson (152 Fed. Rep., 164) the question raised was whether pineapples in tins should be assessed as fruits preserved in sugar under paragraph 263, or as pineapples preserved in their own juices under a subsequent provision of the same paragraph. As the pineapples were preserved in their own juices, to which only 3 per cent of sugar had been added for flavoring, the court held that the added sugar played no prominent or important part in the preservation of the fruit, and therefore could not be classified as a *fruit preserved in sugar.* It did hold them dutiable, however, as pineapples "preserved in their own juices."

The case of United States *v.* Reiss & Brady (136 Fed. Rep., 741) held that "fruits preserved in sugar, spirits, and in their own juices" are known commercially as a class by themselves and come under the provisions of paragraph 263, but it did not hold that "fruits preserved in their own juices," as was the pulp in this case, did not come within that class.

Causse *v.* United States (151 Fed. Rep., 4) held that cherries from which the pits and free juices had been removed, which were then exposed to sulphur fumes and subsequently packed in casks in a weak solution of salt water *in order to preserve the fruit in transit* was not in any sense a fruit preserved in its own juices. As the juices were removed as far as possible and those which remained only tended to produce decay, and as the product was subjected to none of the processes required for permanent preservation, it will be readily understood that the circuit court of appeals found some difficulty in determining that the fruit was "preserved in its own juices."

In the case of United States *v.* Reiss & Brady (166 Fed. Rep., 746) the issue raised was whether "maraschino cherries," put up in bottles *without juice* in a light sirup flavored with maraschino, containing an insignificant quantity of alcohol, should be classified for duty as fruit preserved in sugar, spirits, or its own juice, or under paragraph 262 as an edible fruit prepared in a manner not specially provided for.

The court considered that neither the sugar nor the spirits in the maraschino materially contributed to the preservation of the fruit, and therefore refused to classify them as fruits preserved in *sugar* or *spirits.* As, admittedly, there were no juices, the cherries could not be regarded as preserved in their own juices.

The decision of the circuit court is *affirmed.*